IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JAN 07 2009
MATTHEW J. DYKMAN
CLERK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs | ) | CRIMINAL NO. 08-144-JEC |
| SERGIO BACA, | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **SERGIO BACA**, and the defendant's counsel, J.Miles Hanisee, Esq.

## REPRESENTATION BY COUNSEL

1. The defendant understands his right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case.

## RIGHTS OF THE DEFENDANT

2. The defendant further understands his rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to confront and cross-examine witnesses and to call witnesses in his defense; and

    d. against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The defendant hereby agrees to waive these rights and to plead guilty to the Information to be filed charging violation of 18 U.S.C. § 371, that being Conspiracy to Commit Arson.

## SENTENCING

4. The defendant understands that the maximum penalty the Court can impose is:

   a. imprisonment for a period of not more than five (5) years ( but see paragraph 6.a.);

   b. a fine not to exceed $250,000.00;

   c. a mandatory term of supervised release of not less than two (2) years and not more than three (3) years that must follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release.);

   d. a mandatory special penalty assessment of $100.00; and

   e. restitution as may be ordered by the Court.

5. The parties recognize that the Sentencing Guidelines are advisory, and that the court is required to consider them in determining the sentence it imposes.

6. It is expressly understood and agreed by and between the defendant and the United States that:

   a. The parties have entered into an AGREEMENT pursuant to Rule 11(c)(1)(C), Fed.R.Crim.P., that the defendant is to be sentenced to

forty-six (46) months imprisonment and that this sentence is the appropriate disposition of the case.

b. The United States hereby expressly reserves the right to make known to the United States Probation Office, for inclusion in the presentence report prepared pursuant to Rule 32(c)(2), Fed.R.Crim.P., any information that the United States believes maybe helpful to the Court.

c. The defendant recognizes that this plea agreement has already conferred a benefit upon him and that no downward departure from the applicable sentencing guideline range is appropriate. Consequently, in return for the benefit conferred on the defendant by entering into this agreement, the defendant agrees that he will not seek a downward departure. If the defendant in violation of this paragraph should nevertheless seek a downward departure, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

d. Restitution as ordered by the Court.

## FACTUAL BASIS

7. The Defendant agrees that if this case were to proceed to trial, the United States would prove the following facts with competent, admissible evidence beyond a reasonable doubt:

On December 5, 2007, Defendant SERGIO BACA's (BACA) former girlfriend advised BACA of her pregnancy and her plans to terminate the pregnancy with the services of Dr. Curtis Boyd. Upon hearing this, BACA became extremely upset. Shortly thereafter, BACA went to Dr. Boyd's office located at 801 Encino Place NE, Suite C-2, Albuquerque, NM and retrieved abortion pamphlets and literature. BACA then sent those items to his former girlfriend via the U.S. mail. On December 7, 2007, BACA's former girlfriend received the items in the U.S. mail, sent to her by BACA.

On December 6, 2007, in Albuquerque, NM, at approximately 10:30 PM, the Defendants BACA and Chad Altman (ALTMAN) while at BACA's apartment at the Tower Apartments located at Montgomery and San Mateo, planned and agreed to burn the office of the medical practice of Dr. Curtis Boyd. Using a printed map for directions, BACA and ALTMAN determined to proceed to Dr. Boyd's office located at 801 Encino Place, NE, Suite C-2, Albuquerque, NM. While at BACA's apartment, BACA and ALTMAN equipped themselves with gasoline and a lighter to start the fire. So as not to be caught on surveillance cameras, BACA and ALTMAN left BACA's apartment by climbing down a metal pipe near BACA's apartment balcony and on the exterior of BACA's apartment building. BACA and ALTMAN then got into ALTMAN's Plymouth Voyager van and drove to the structure located at 801 Encino Place, NE. BACA and ALTMAN arrived at 801 Encino Place, NE, Suite C-2, and parked ALTMAN's van a short distance away form the structure. BACA and ALTMAN then got out of ALTMAN'S van and proceeded to the west side of the structure. BACA and ALTMAN were both wearing dark colored clothing at the time. While at the structure, BACA and ALTMAN, after several attempts, broke the window of the structure and poured gasoline through the broken window and into Dr.

4

Boyd's office space. BACA and ALTMAN then ignited the gasoline by lighting it on fire with a lighter. After the fire began, BACA and ALTMAN left the area, got back into ALTMAN"S van and fled the scene to return to BACA's apartment. BACA and ALTMAN then returned to BACA's apartment and climbed up the metal pipe leading to BACA's apartment balcony and on the exterior to BACA's apartment building. BACA and ALTMAN then entered BACA's apartment from the balcony smelling of gasoline. ALTMAN then left BACA'S apartment through the apartment hallway. At some time during the course of setting fire to Dr. Boyd's office, ALTMAN'S hand was burned, as a result, ALTMAN dropped the glove. DNA results confirmed ALTMAN was wearing the glove.

## STIPULATIONS

8 The United States and the defendant stipulate as follows:

 a. Pursuant to U.S.S.G. § 3E1.1, the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. Consequently, the defendant is entitled to a reduction of three (3) levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant providing an appropriate oral or written statement to the United States Probation officer who prepares the presentence report in this case in which the defendant clearly establishes his entitlement to this reduction.

9 The United States and the defendant understand that the above stipulation is not binding on the Court and that whether the Court accepts this stipulation is a matter solely within the discretion of the Court after it has reviewed the presentence report. The

defendant understands and agrees that if the Court does not accept the above stipulation, the defendant hereby waives the right to appeal the Court's rejection of such stipulation.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

10    The defendant understands his obligation to provide the United States Probation Office with truthful, accurate, and complete information. The defendant hereby represents that he has complied.

## WAIVER OF APPEAL RIGHTS

11.    The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging that the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute conviction (or the manner in which the sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or any ground whatever, in exchange for the concessions made by the United States in this plea agreement.

## GOVERNMENT'S AGREEMENT

12    Provided that the defendant fulfills his obligations as set out above, the United States agrees that:

    a    The United States will move at the time of sentencing to dismiss the indictment as to the defendant.

    b.    The United States will not bring additional charges against the defendant arising out of the defendant's conduct now known to the United States Attorney's Office for the District of New Mexico.

13.    This agreement is limited to the United States Attorney's Office for the District

of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

14. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

15. The defendant understands and agrees that if he violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the indictment filed in this case, as well as perjury, false statement, and obstruction of justice.

## ENTIRETY OF AGREEMENT

16. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this __7__ day of January, 2009.

GREGORY J. FOURATT
United States Attorney

RUMALDO R. ARMIJO
Executive Assistant United States Attorney
201 Third Street N.W., Suite 900
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.

_____
**SERGIO BACA**
Defendant

_____
J. MILES HANISEE, ESQ.